UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREA BROCKLAND, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>     v.<br><br>ROUNDY'S ILLINOIS, LLC.,<br><br>        Defendant. | )<br>)<br>)  Case No. 21-cv-5332<br>)<br>)  Judge Sharon Johnson Coleman<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Andrea Brockland filed a two-count complaint against Roundy's Illinois LLC ("Roundy's"), alleging defendant violated the Illinois Consumer Fraud Deceptive Business Practices Act, 815 ILCS 505/2 ("ICFA"), and unjustly enriched itself to the detriment of plaintiff. (Dkt. 16). Defendant claims Brockland's complaint is based upon breach of contract and thus is not actionable under the ICFA. Plaintiff originally brought a breach of contract claim in state court. Defendant now claims that plaintiff engaged in "artful pleading," where she eliminated her breach of contract claim to save her ICFA claim. But the same can be said for defendant, whose motion to dismiss was based upon plaintiff's originally filed state-court complaint, not her amended complaint. Indeed, defendant moved to dismiss a breach of contract claim, although no such claim is alleged in plaintiff's amended complaint. The Court finds that defendant's motion to dismiss is thus improperly argued. Nevertheless, the Court takes it upon itself to give appropriate attention to the arguments made in defendant's memorandum in support of its motion to dismiss and its reply brief to resolve this matter. The Court concludes that plaintiff has failed to state a claim under the ICFA or an unjust enrichment claim and thus dismisses plaintiff's complaint without prejudice.

1

**Background**

Brockland filed her First Amended Class Action Complaint (Dkt. 16) on behalf of a class of similarly situated individuals against Roundy's, a supermarket chain operating throughout Illinois. Brockland alleges that defendant deceptively and unfairly represented to customers that it had the authority to collect a cash-back fee on debit-card cash-back transactions at defendant's stores, in violation of the terms of defendant's standard form agreement with Visa.

Plaintiff contends that defendant and Visa entered into a merchant agreement and the terms of this agreement require compliance with Visa's Core Rules and Visa Product and Service Rules ("Visa Rules"). She alleges that defendant's stores charge sliding-scale cash-back fees that are unauthorized by law or by the terms of defendant's agreement with Visa. She asserts that the Visa Rules lack any provision permitting a cash-back fee on debit-card transactions, and furthermore, that the Visa Rules specifically prohibit surcharges of this kind.

Plaintiff details her effort to obtain cash back at one of defendant's grocery stores in Chicago, Illinois. She purports that she elected to receive cash back and was presented with a Verifone terminal screen that asked if she would accept a $0.50 cash-back fee to complete this transaction. She was provided the option to select "yes" or "no" to the fee and selected "yes." She claims that she only selected "yes" based on defendant's representation that it was authorized to charge this fee. As a result, she maintains she and the class suffered actual damages by paying this unlawful surcharge.

**Legal Standard**

When considering a Rule 12(b)(6) motion, the court accepts all of the plaintiff's allegations as true and views them "in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). A complaint must contain allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868

2

(2009). The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Threadbare recitals of the elements of a cause of action and allegations that are merely legal conclusions are not sufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

**Analysis**

Defendant moves to dismiss plaintiff's ICFA claims, arguing they are premised on breach of contract between Roundy's and Visa and thus do not give rise to a claim under the ICFA. In response to plaintiff's unjust enrichment claim, defendant argues that this claim must be dismissed because defendant and plaintiff entered into an express contract and this contract defeats any unjust enrichment claim. The Court considers each argument in turn.

The ICFA declares unlawful:

> [U]nfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce.

815 ILCS 505/2. "The ICFA is a regulatory and remedial statute intended to protect consumers . . . against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019) (internal citations omitted).

Plaintiff claims that defendant's unauthorized use of cash-back fees constitutes both (1) a deceptive act and (2) an unfair act in violation of the ICFA. But "[a] breach of contractual promise, without more, is not actionable under the Consumer Fraud Act." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill.2d 100, 169, 835 N.E.2d 801, 844 (2005); *see also Shaw v. Hyatt Intern. Corp.*, 461 F.3d 899, 901 (7th Cir. 2006) (affirming dismissal of ICFA claim based upon a "breach of contract" where a

3

"contractual promise . . . was unfulfilled"). As defendant argues in its reply brief, plaintiff's allegations are based on the contract between Visa and defendant and whether defendant violated the Visa Rules by charging cash-back fees. Plaintiff asserts that she does not allege a breach of contract claim, and that "[i]t is the acceptance of Visa as payment that triggers the application of Visa's Rules, not the contractual relationship between the parties." (Dkt. 24 at 7). But plaintiff's own allegations undermine this argument. Throughout her amended complaint, plaintiff maintains that defendant is required to comply with the Visa Rules. Although plaintiff alleges that no law or statute authorizes defendant to charge cash-back fees, plaintiff does not adequately explain how the absence of a law precludes defendant from charging these fees. Therefore, this is fundamentally a question about whether defendant breached its contract with Visa by failing to comply with the Visa Rules, which is not actionable under the ICFA. *Avery*, 216 Ill.2d at 169, 835 N.E.2d at 844. Plaintiff concedes that she cannot bring a breach of contract claim against defendant. But this inability, alone, does not save plaintiff's ICFA claim.

Plaintiff maintains courts have held a violation of a Visa mandate can serve as the basis for an ICFA claim. *See In re Michaels Stores Pin Pad Litig.*, 830 F. Supp. 2d 518, 525–26 (N.D. Ill. 2001) (Kocoras, J.) (concluding that defendant's failure to implement policies that could prevent fraudsters from abusing defendant's payment system and accessing consumer data could constitute an unfair act under the ICFA). Indeed, the *Michaels* court considered Visa's "Global Mandate" and its requirement that defendants use tamper-resistant PIN pads when evaluating plaintiff's unfair act claim. *Id.* at 526. The *Michaels* court, however, also considered a First Circuit decision which was premised, in part, on criteria set forth by the FTC for adequate security measures. *Id.* Plaintiff here has not pointed to any similar legal requirement or guidance that would prohibit defendant from imposing a cash-back fee. As a result, plaintiff's ICFA claims are dismissed without prejudice.

Plaintiff also alleges that the cash-back fees unjustly enriched defendant. When an unjust enrichment claim is based on the same conduct as an ICFA claim, the unjust enrichment claim "cannot survive the proper dismissal" of an ICFA claim. *Marshallah, Inc. v. W. Bend Mut. Ins. Co.*, 20 F.4th 311, 324 (7th Cir. 2021); *see also Ciszewski v. Denny's Corp.*, No. 09-cv-5355, 2010 WL 1418582, at *4 (N.D. Ill. Apr. 7, 2010) (Kennelly, J.) ("Because the Court has dismissed [plaintiff's] claim of fraud under the ICFA, the Court likewise dismisses his claim of unjust enrichment."). Because the Court dismisses plaintiff's ICFA claim, it must also dismiss plaintiff's unjust enrichment claim.

Furthermore, "[a] claim for unjust enrichment cannot be asserted when a specific contract exists between the parties and concerns the same subject matter." *DOD Technologies v. Mesirow Ins. Servs., Inc.*, 381 Ill App.3d 1042, 1050, 887 N.E.2d 1, 9 (1st. Dist. 2008). Despite plaintiff's arguments to the contrary, plaintiff's own allegations show that an express contract existed between plaintiff and defendant. Under Illinois law, an express contract requires offer, acceptance, and consideration. *See, e.g., Duldulao v. Saint Mary of Nazareth Hosp. Ctr.,*, 115 Ill.2d 482, 489, 505 N.E.2d 314, 318 (1987). All three elements of a contract are met in this case. Per plaintiff's complaint, Roundy's offered Brockland $20 cash back upon asking if she would accept a $0.50 service fee, which plaintiff accepted by selecting yes. This exchange of 50 cents for the $20 constitutes sufficient consideration. Therefore, even if plaintiff's unjust enrichment claim could survive the dismissal of her ICFA claim, because plaintiff's unjust enrichment claim is based on her "straightforward, everyday sales contract" with Roundy's, the claim must be dismissed. *Benson*, 944 F.3d at 646.

**Conclusion**

Based on the foregoing, defendant's motion to dismiss plaintiff's amended complaint [21] is granted without prejudice. Plaintiff has 60 days to amend the complaint.

IT IS SO ORDERED.

Date: 11/18/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge